**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4946-17T2

BANK OF AMERICA, N.A.,

    Plaintiff-Respondent,

v.

KIM DAVIS,

    Defendant-Appellant,

and

MR. DAVIS, husband of KIM DAVIS,
COLUMBIA PRES DEP OF NUERO,
CITY OF NEWARK, ANSELL ZARO
GRIMM & AARON PC, THRIFT
INVESTMENT CORPORATION, ABC
BAIL BONDS INC., STATE OF NEW
JERSEY, UNITED STATES OF
AMERICA, and FOX CHASE BANK,

    Defendants.

_____

Submitted June 4, 2019 – Decided July 8, 2019

Before Judges Rothstadt and Natali.

On appeal from the Superior Court of New Jersey, Chancery Division, Ocean County, Docket No. F-019820-16.

Kim Davis, appellant pro se.

Parker McCay, PA, attorneys for respondent (Eugene R. Mariano, of counsel; Stacy L. Moore, Jr., on the brief).

PER CURIAM

In this residential mortgage foreclosure matter, defendant Kim Davis appeals from the final judgment of foreclosure entered on May 21, 2018 after Judge Francis R. Hodgson, Jr. earlier granted summary judgment to plaintiff, Bank of America, N.A., on April 13, 2017, striking defendant's answer and defenses. Defendant also challenges the order granting summary judgment and an April 28, 2017 order denying her cross-motion to dismiss the complaint.[1] In addition, she appeals from the judge's May 11, 2018 order denying her second motion to dismiss plaintiff's complaint that included her objection to the amount due sought by plaintiff. Finding no merit to defendant's arguments, we affirm.

---

[1] The order granting summary judgment and striking defendant's answer and defenses was dated April 13, 2017 and the order denying defendant's cross-motion to dismiss the complaint was dated April 28, 2017. Both orders were filed on April 28, 2017.

A-4946-17T2

In her opposition to plaintiff's summary judgment motion, defendant asserted challenges to plaintiff's standing and argued: (a) plaintiff failed to make a prima facie showing that there were no genuine issues of material fact, (b) plaintiff failed to properly notify her when its loan servicer was engaged by plaintiff; (c) it failed to include a chain of title in its discovery; (d) the complaint was time-barred under N.J.S.A. 2A:50-56.1(a); and, (e) the certification of plaintiff's loan servicer's officer that it filed in support of summary judgment was insufficient because it did not establish plaintiff's right to enforce the note and mortgage.

On April 28, 2017, Judge Hodgson placed on the record his detailed findings of fact and conclusions of law addressing each of defendant's contentions. When he issued his May 11, 2018 order fixing the amount due, Judge Hodgson also issued a comprehensive oral decision explaining his findings and addressing each of defendant's challenges to plaintiff's right to maintain this action.

On appeal, defendant contends that Judge Hodgson improperly granted summary judgment to plaintiff because: (a) plaintiff is not a holder in due course; (b) plaintiff failed to provide admissible proof as to when it obtained and maintained possession of the original note; (c) plaintiff's action was filed

3

outside the statute of limitations under N.J.S.A. 2A:50-56.1(a); (d) the copy of the original note produced by plaintiff was materially altered; (e) "reasonable inferences" established that plaintiff did not obtain the note "in due course," thereby violating defendant's "constitutional rights"; (f) plaintiff's evidence was inadmissible; (g) discovery was not complete; (h) her cross-claims should not have been dismissed; (i) the credit report she offered as evidence that plaintiff acknowledged her note was paid should have been considered by the judge; and (j) plaintiff violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 to 1692p, and committed other deceptive acts, as well as fraud.

We review a court's grant of summary judgment de novo, applying the same standard as the trial court. Conley v. Guerrero, 228 N.J. 339, 346 (2017). Summary judgment must be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016) (quoting R. 4:46-2(c)).

We conclude from the record that the material facts are not in dispute. On June 14, 2007, defendant executed a $355,000 note with American Mortgage

A-4946-17T2

Network, Inc. (AMN). She also executed a mortgage with Mortgage Electronic Registration System Inc. (MERS) as nominee for AMN and its successors and assigns. The mortgage was recorded on June 25, 2007 and the note was to be paid off in its entirety by July 1, 2037. Defendant defaulted on May 1, 2009.

On August 10, 2009, MERS, as AMN's nominee, assigned the mortgage to plaintiff as successor by merger to Countrywide Bank, FSB. The assignment was recorded on August 25, 2009.

In February 2016 plaintiff sent defendant a Notice of Intention to Foreclose under the Fair Foreclosure Act, N.J.S.A. 2A:50-53 to -68. Plaintiff filed its complaint on July 18, 2016. At the time and prior to commencing its action against defendant, plaintiff was the holder of both the note and the mortgage.

Turning to defendant's contentions on appeal, we have considered them in light of our de novo review of the record and applicable legal principles and conclude that they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We are satisfied that Judge Hodgson's factual findings concerning all of defendant's contentions are fully supported by the record and, in light of those facts, his legal conclusions are unassailable. We therefore affirm the final judgment of foreclosure and each of the orders under

A-4946-17T2

review substantially for the reasons expressed by the judge in his thorough oral decisions.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-4946-17T2